## FULWEILER *v.* SINGER.

Pleas, averring that one of two payees of a note, became bankrupt after the note was made and before it was indorsed to the plaintiff, are defective unless they aver, that the party who indorsed the note was not authorized to do so; that the note was or should have been set forth in the bankrupt's inventory of assets; and that the note was so held as to be vested by virtue of the decree, in the assignee of the bankrupt, or that he otherwise acquired an interest or control over the note.

### *Error to Dubuque District Court.*

*Opinion by* GREENE, J.   Enion Singer sued Abraham Fulweiler in assumpsit, on a promissory note executed August 6, 1838, and made payable to Singer and Coust, and by them indorsed to the plaintiff.   The defendant pleaded non-assumpsit in the usual form, and several special pleas averring in general terms: 1. That Coust the assignee of said note, became a bankrupt after it was made and before it was assigned to the plaintiff.   2. That he became a bankrupt in Ohio, August 19, 1841; and 3. by an amended plea that said Coust became such bankrupt, according to the true intent and meaning of an act of Congress, passed August 19th, 1841, and that he was so declared by the district court of the United States, for the state of Ohio, and that said court appointed an assignee for the said Coust, who was entitled to said note at the time it was assigned to the plaintiff.   A demurrer to the three special pleas was sustained.   The case was then submitted to the court upon the general issue and judgment rendered upon the note in favor of the plaintiff.

It is now contended, that the court erred in sustaining the demurrer to the three special pleas.   In this we can see no error, as those pleas appear to be defective, not only in form, but in substance.   Upon the face of the papers, the note appears to have been regularly indorsed to the present holder, and there is no specific allegation in either plea, that the indorsement was not made by a party duly authorized to assign the same; they contain no aver-

ment that the note or the bankrupt's interest in the note, was or should have been set forth in his inventory of property rights and credits; nor that the note was so held as to be vested by force of the decree, and by operation of law, in the assignee of such bankrupt, or that he otherwise acquired any legal interest or control over the note before the indorsement; nor does either of said pleas give the name of the assignee in bankruptcy. In these particulars we cannot but regard the pleas as substantially defective, and therefore conclude, that the demurrer was properly sustained by the court below.

Judgment affirmed.

*Wilson & Smith*, for plaintiff in error.

*Davis & Bissell*, for defendant.